PEOPLE v ROSALES

Docket No. 155465. Submitted July 7, 1993, at Lansing. Decided
     October 5, 1993, at 9:30 A.M.

   Ricardo Rosales pleaded nolo contendere to a charge of delivery
   of marijuana in the Barry Circuit Court, Richard M. Shuster,
   J., in exchange for the prosecution's dismissal of another
   charge and recommendation that any sentence of imprison-
   ment not have a minimum that exceeds eighteen months. The
   court sentenced the defendant to thirty-two to forty-eight
   months' imprisonment, departing from the sentencing guide-
   lines' recommended minimum range of zero to twelve months.
   The defendant appealed.

      The Court of Appeals *held:*

      1. The trial court did not abuse its discretion in assessing the
   defendant twenty-five points under offense variable 16 of the
   drugs crime group of the sentencing guidelines. That offense
   variable requires the scoring of twenty-five points in a case
   involving the sale or delivery of a controlled substance, includ-
   ing marijuana, by a commercial seller or wholesaler who sells
   the controlled substance to a retailer who then sells it to users.
   The evidence in this case indicated that the defendant was a
   wholesaler of marijuana.

      2. The sentence imposed by the trial court violates the
   principle of proportionality. Under that principle, departures
   from the sentencing guidelines are appropriate only where the
   guidelines do not adequately account for important factors or
   where, in the judgment of the sentencing court, the recom-
   mended sentence range is disproportionate to the seriousness of
   the crime. Imposition of the maximum possible sentence must
   be reserved only for the most severe combination of offense and
   offender. In this case, the defendant had only one prior convic-
   tion, which was for drunken driving, and his status as a
   wholesaler of marijuana was already taken into account under
   the sentencing guidelines.

      3. On remand for resentencing by another judge, challenges
   by the defendant to the accuracy of the presentence report
   must be addressed by the sentencing judge and inaccuracies, if
   any, must be stricken from the report.

      Conviction affirmed, sentence vacated, and case remanded for
   resentencing by another judge.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dale A. Crowley,* Prosecuting Attorney, and *Carole F. Barnett,* Assistant Attorney General, for the people.

*David A. Dodge, P.C.* (by *David A. Dodge* and *John A. Vos*), for the defendant on appeal.

Before: MacKenzie, P.J., and Griffin and W. L. Cahalan,* JJ.

Per Curiam. Defendant pleaded nolo contendere to a charge of delivery of marijuana, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c), in exchange for the prosecutor's dismissal of a conspiracy charge and recommendation that defendant's minimum sentence not exceed eighteen months. Defendant was sentenced to thirty-two to forty-eight months' imprisonment. He now appeals as of right. We vacate defendant's sentence and remand for resentencing before another judge.

Defendant first argues that the trial court erred in scoring twenty-five points for offense variable 16 (ov 16) of the sentencing guidelines because of defendant's status as a commercial seller of marijuana. Specifically, defendant contends that (ov 16) requires a scoring of zero points where the controlled substance is marijuana, regardless of the amount delivered. The argument is without merit.

Under ov 16, the trial court is required to differentiate between drug "wholesalers," defined as commercial sellers who sell to persons who will then resell the drugs, and "retailers" who sell to the ultimate consumer. We read the guidelines to provide that any sale or delivery of any controlled substance, including marijuana, by a "wholesaler" requires a score of twenty-five points under ov 16.

* Circuit judge, sitting on the Court of Appeals by assignment.

However, if a defendant is deemed to be a "retailer," the score is to be fifteen, five, or zero points depending on the type of controlled substance involved, its amount, and whether it is possessed or delivered. Under this scheme, a "retailer" who delivers marijuana is scored zero points. Defendant's construction of ov 16 not only ignores the distinction between drug "wholesalers" and "retailers," but would also lead to absurd results, because it would result in identical sentencing recommendations for a drug kingpin who delivers a truckload of marijuana and a street dealer who delivers one marijuana cigarette.

A trial judge's scoring of the sentencing guidelines will be upheld if there is evidence to support the score. *People v Hernandez,* 443 Mich 1; 503 NW2d 629 (1993). Here, the evidence supported scoring defendant as a commercial seller or "wholesaler." We find no abuse of discretion.

Although we find no abuse of discretion in the trial court's calculation of the sentencing guidelines, we agree with defendant that the court abused its discretion in sentencing defendant to thirty-two to forty-eight months' imprisonment. The sentencing guidelines' recommended minimum sentence range was zero to twelve months. Under the principle of proportionality established in *People v Milbourn,* 435 Mich 630, 656-657; 461 NW2d 1 (1990), departures from the sentencing guidelines range are appropriate only where the guidelines do not adequately account for important factors legitimately considered at sentencing or where, in the judgment of the trial judge, the recommended sentencing range is disproportionate to the seriousness of the crime. Imposition of the maximum possible sentence must be reserved only for the most severe combination of offense and offender. *Id.* at 667. In this case, defendant is

twenty-eight-years old with a criminal record consisting of one conviction, of operating a motor vehicle while under the influence of liquor. While he sold five pounds of marijuana and made an incomplete deal involving the sale of twenty pounds, his status as a wholesaler was already taken into account in the computation of the guidelines. Under these circumstances, we are of the opinion that defendant's sentence violated the principle of proportionality. *Milbourn, supra.* We therefore vacate defendant's sentence and remand for resentencing. Further, we conclude that defendant should be resentenced by a different judge. *People v Fisher (After Second Remand),* 190 Mich App 598, 608; 476 NW2d 762 (1991), rev'd on other grounds 442 Mich 560; 503 NW2d 50 (1993).

Defendant's remaining claim is that the trial court did not properly respond to his challenge to certain information included in his presentence report. Because we are remanding for resentencing, we need not reach this question. The issue should be resolved at resentencing, however, and the challenged information stricken from the presentence report if necessary. See *People v Hoyt,* 185 Mich App 531; 462 NW2d 793 (1990); *People v Taylor,* 146 Mich App 203; 380 NW2d 47 (1985).

Conviction affirmed, sentence vacated, and case remanded for resentencing by another judge. We retain no further jurisdiction.