PEOPLE v COULTER (AFTER REMAND)

Docket No. 158261. Submitted February 1, 1994, at Detroit. Decided
June 6, 1994, at 9:25 A.M. Leave to appeal sought.

Lonnie D. Coulter pleaded guilty in the Genesee Circuit Court,
Robert M. Ransom, J., of armed robbery. In exchange, a charge
of possession of a firearm during the commission of a felony
was dismissed. The defendant was sentenced to eight to twenty
years' imprisonment. He appealed, and the Court of Appeals,
MICHAEL J. KELLY, P.J., and DOCTOROFF and CAVANAGH, JJ.,
vacated the sentence and remanded for resentencing in an
unpublished memorandum opinion, decided October 18, 1991
(Docket No. 127477). On remand, the defendant was sentenced
to seven to twenty years' imprisonment. The defendant ap-
pealed.

After remand, the Court of Appeals *held:*

The sentencing court did not err in exceeding the sentencing
guidelines' recommended sentence. The reasons given by the
court were adequate to justify the departure. The sentencing
court properly considered the fact that, in a separate unrelated
case, the defendant pleaded guilty of armed robbery in ex-
change for the dismissal of two counts of assault with intent to
murder and three felony-firearm counts.

Affirmed.

WAHLS, P.J., dissenting, stated that a sentencing court may
not exceed the guidelines solely because a defendant has en-
tered a plea bargain that results in the dismissal of charges in
an unrelated case before another judge. Exceeding the guide-
lines in this case improperly penalizes the defendant for receiv-
ing the benefit of his plea bargain. The reasons asserted by the
trial court for departing from the guidelines are not adequate
to justify the departure. The sentence violates the principle of
proportionality and should be vacated and the matter re-
manded for resentencing by a different judge.

REFERENCES

Am Jur 2d, Criminal Law §§ 527, 535, 537, 589.
Court's right, in imposing sentence, to hear evidence of, or to
consider, other offenses committed by defendant. 96 ALR2d 768.

1. SENTENCES — SENTENCING GUIDELINES — DEPARTURES.

Departures from the sentencing guidelines' range are appropriate only where the guidelines do not adequately account for important factors legitimately considered at sentencing or where the recommended range is disproportionate to the seriousness of the offense.

2. SENTENCES — SENTENCING GUIDELINES — DEPARTURES — SUBSEQUENT SENTENCING PROCEEDINGS.

A sentencing court considering whether to depart from the sentencing guidelines may consider the facts underlying uncharged offenses, pending ·charges, acquittals, the nature of a plea bargain, and the charges that were dismissed in exchange for the plea for which the court is sentencing; uncharged offenses and criminal acts that are the subject of charges dismissed in a prior criminal action against the defendant and that already have been considered by a sentencing court may be considered again at a subsequent sentencing in a subsequent case where the defendant is given the opportunity to test the accuracy of the factual allegations.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Research, Training, and Appeals, and *Morris R. Kent,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sherrie P. Guess*), for the defendant on appeal.

AFTER REMAND

Before: WAHLS, P.J., and REILLY and R. M. DANIELS,* JJ.

REILLY, J. Defendant pleaded guilty of armed robbery, MCL 750.529; MSA 28.797, in exchange for dismissal of a charge of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Genesee Circuit Judge Robert Ran-

* Circuit judge, sitting on the Court of Appeals by assignment.

som originally sentenced defendant to a prison term of eight to twenty years. This Court, MICHAEL J. KELLY, P.J., and DOCTOROFF and CAVANAGH, JJ., in an unpublished memorandum opinion, decided October 18, 1991 (Docket No. 127477), vacated the sentence and remanded to the trial court for resentencing in light of *People v Milbourn*, 435 Mich 630, 656; 461 NW2d 1 (1990). Defendant was resentenced to a prison term of seven to twenty years, and again appeals as of right. We affirm.

This case arises from a robbery that occurred on October 21, 1989. Defendant waited in his car as two of his friends robbed a gas station at gunpoint in Flint Township, Michigan. In a separate, unrelated case,[1] defendant pleaded guilty of armed robbery in exchange for dismissal of two counts of assault with intent to murder and three counts of possession of a firearm during the commission of a felony, and was sentenced by Genesee Circuit Judge Valdemar Washington to a prison term of six to twenty years' imprisonment.

In this case, the sentencing guidelines' recommended minimum sentence was from eighteen to sixty months. At resentencing, the court explained that it was departing from the guidelines because

> [t]he factors that are not considered in the Guideline range are the plea bargain which resulted in the dismissal of some six charges and a pattern of conduct that involved multiple life-threatening situations with the presence of a gun.

As additional reasons for departure, the court also indicated on the departure form that a structured environment was necessary beyond the guideline

[1] Defendant and his friends also robbed another establishment on October 20, 1989.

period for rehabilitation and the protection of the community.

On appeal, defendant contends that the court improperly exceeded the sentencing guidelines' recommendation. We disagree.

Sentences must be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Milbourn, supra.* The sentencing guidelines are intended to assist the court in assessing the appropriate sentence and to promote statewide consistency in sentencing. *People v Stone,* 195 Mich App 600, 608; 491 NW2d 628 (1992). Departures from the sentencing guidelines' range are suspect and subject to careful scrutiny on appeal. *Id.* Departures are appropriate only where the guidelines do not adequately account for important factors legitimately considered at sentencing, or where the recommended range is disproportionate to the seriousness of the offense. *Milbourn, supra* at 657, 661; *People v Rosales,* 202 Mich App 47, 49; 507 NW2d 776 (1993).

This Court finds the reasons given by the sentencing court for departing from the guidelines adequate to justify the departure. A sentencing court is allowed to consider the facts underlying uncharged offenses, pending charges, and acquittals. *People v Ewing (After Remand),* 435 Mich 443, 446 (opinion by BRICKLEY, J.), 473 (opinion by BOYLE, J.); 458 NW2d 880 (1990); *People v Parr,* 197 Mich App 41, 46; 494 NW2d 768 (1992). Further, this Court has recognized that a sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing. *People v Brzezinski (After Remand),* 196 Mich App 253, 256; 492 NW2d 781 (1992).

We see no reason why a sentencing court in a subsequent case may not also consider the unc-

harged offenses. None of the cases cited above suggest that uncharged criminal acts, or criminal acts that are the subject of dismissed charges, once considered by a sentencing court, may not be considered again at a subsequent sentencing provided the defendant is given an opportunity to test the accuracy of the factual allegations.

If the rationale of the dissent is carried to its logical conclusion, a sentencing court is precluded from taking into account prior criminal acts that previously have been considered by a prior sentencing court. We believe this conclusion is contrary to the intent of *Ewing, supra* at 446 (opinion by BRICKLEY, J.), and 473 (opinion by BOYLE , J.).

Affirmed.

R. M. DANIELS, J., concurred.

WAHLS, P.J. *(dissenting).* I respectfully dissent. In this case, defendant pleaded guilty of armed robbery in exchange for dismissal of a charge of possessing a firearm during the commission of a felony. In a separate case before another judge, defendant pleaded guilty of armed robbery in exchange for dismissal of two counts of assault with intent to murder and three counts of felony-firearm. Notably, the presentence information report prepared in this case contained no facts regarding defendant's actions in the separate case, and, therefore, the sentencing court was not apprised of any particular acts committed by defendant underlying the dismissed charges. I do not believe that *People v Ewing (After Remand),* 435 Mich 443, 446 (opinion by BRICKLEY, J.), 473 (opinion by BOYLE, J.); 458 NW2d 880 (1990), permits the sentencing judge in this case to exceed the guidelines solely because defendant entered a plea bargain that resulted in the dismissal of five (not six as asserted

by the judge) charges in an unrelated case before another judge. My concern is that the court departed from the guidelines because the charges were dismissed and, essentially, penalized defendant for receiving the benefit of his plea bargain. I find this to be not only reprehensible, but also impermissible under each plurality opinion in *Ewing*.

Moreover, the trial court's general conclusory statement that defendant was engaged in "a pattern of conduct that involved multiple life-threatening situations with the presence of a gun" was not supported by the record. Although armed robbery is a serious offense typically involving threats to the victims' lives, there is no evidence that defendant himself threatened anyone's life in either armed robbery case. Further, the use of a gun is a factor accounted for under Offense Variable 1, "Aggravated Use of Weapon." Finally, the additional reasons for departure, rehabilitation and the protection of society, are nothing more than "boiler plate language" that does not explain why this particular defendant should receive a sentence greater than the guidelines' recommended range. I find the additional reasons asserted by the sentencing court are also not adequate to justify the departure.

Accordingly, I believe that defendant's sentence violates the principle of proportionality because the sentencing court failed to articulate adequate reasons to justify the departure from the guidelines' recommendation. I, therefore, would vacate defendant's sentence and remand for resentencing by a different judge.