# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 21, 2016

Plaintiff-Appellee,

v

No. 326795
Wayne Circuit Court
LC No. 13-008646-FC

TROY LAMONT BANKS,

Defendant-Appellant.

Before: SHAPIRO, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant pleaded guilty to assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. The trial court sentenced defendant to 38 months to 10 years in prison for the assault with intent to do great bodily harm conviction, to be served consecutive to his sentence of 5 years in prison for the felony-firearm conviction, with 41 days credit for time served. We granted defendant's delayed application for leave to appeal. Because defendant has not shown error with respect to his sentences, we now affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a shooting in Detroit on September 5, 2013. Defendant attempted to shoot his stepdaughter, Natasha Crosley, with a rifle, as she sat in her car across the street from defendant's house. Although Crosley was uninjured, one of the shots shattered the left, rear window of the car she was driving. When police arrived, defendant retreated inside, but he eventually emerged and was arrested. At the time of the shooting, defendant had a prior conviction of felony-firearm.

Defendant was charged as a fourth-offense habitual offender, MCL 769.12, with assault with intent to murder, MCL 750.83, assault with intent to do great bodily harm less than murder, MCL 750.84, possession of a firearm by a felon, MCL 750.224f, assault with a dangerous weapon, MCL 750.82, and felony-firearm, second offense, MCL 750.227b. In addition, while the present case (13-008646-01-FC) was ongoing, defendant had charges pending in an unrelated case (13-009039-01-FH), involving receiving and concealing stolen property and larceny by conversion. Defendant was also on probation in a third case (99-003232-01-FH), involving arson. In the arson case, defendant pleaded guilty to violating the terms of his probation and he was awaiting sentencing.

-1-

In the instant case (13-008646-01-FC), the prosecutor offered defendant a plea agreement, which would allow defendant to plead guilty to assault with intent to do great bodily harm and felony-firearm in exchange for dismissal of the remaining charges and the habitual offender notice. The prosecutor agreed to a minimum sentence within the guidelines range of 19 to 38 months' imprisonment for the assault with intent to do great bodily harm offense, which has a maximum of 10 years' imprisonment, and 5 years' imprisonment for the second-offense felony-firearm charge. In addition, the prosecutor also agreed to dismissal of defendant's charges in case number 13-009039-01-FH, involving receiving and concealing stolen property and larceny. Finally, with respect to defendant's probation violation in the arson case (99-003232-01-FH), the prosecutor agreed to recommend a sentence of time served.

At hearings below, defendant agreed to the plea arrangement. Consistent with the parties' agreement, the trial court sentenced defendant to 38 months to 10 years in prison for the assault with intent to do great bodily harm conviction, to be served consecutive to his sentence of 5 years in prison for the felony-firearm conviction. The trial court also dismissed the charges pending in the larceny case and "closed" the probation violation in the arson case. On appeal, defendant asserts error in his sentencing.

## II. SENTENCING AGREEMENT

First, defendant contends that the trial court impermissibly relied on inaccurate information at sentencing. In particular, defendant maintains that the prosecutor agreed to the dismissal of defendant's probation violation case. According to defendant, "the trial court did not remember the agreement with regard to the probation violation" and therefore relied on inaccurate information at sentencing by discussing the probation violation case. Based on the court's consideration of this purportedly inaccurate information, defendant argues that he is now entitled to resentencing. We disagree.

A defendant is entitled to be sentenced based on accurate information. *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). When a defendant's sentence is based on inaccurate information, the defendant is entitled to resentencing. *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010). However, resentencing is not required in this case because defendant has not shown that the trial court relied on inaccurate information at sentencing.

The premise of defendant's inaccurate information argument is that the prosecutor agreed to the dismissal of the probation violation case. But, this assertion is without basis in the lower court record. The lower court record plainly demonstrates that, in exchange for defendant's guilty plea, the prosecutor agreed to dismiss several of the charges in the present case as well as the habitual offender notice, to dismiss the charges in the larceny case, and to recommend a sentence of time served in the probation violation case, in which defendant had already entered a guilty plea with respect to the probation violation. The trial court not only accurately recounted the agreement between the parties at the plea hearing, but in fact sentenced defendant consistently with this agreement. We can discern no mistake in the trial court's understanding of the plea agreement. We note as well that, when sentencing defendant, the trial court was free to consider the nature of the plea bargain. *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994). Indeed, even if the probation violation had been dismissed, the trial court would have been free to consider the dismissed charges at sentencing. See *id.* In short,

defendant has not shown that he was sentenced on the basis of inaccurate information, and he is not entitled to resentencing.

## III. JUDICIAL FACT-FINDING

Next, defendant argues that he is entitled to resentencing because the trial court violated defendant's right to a jury trial by considering facts that were not found by a jury or admitted by defendant in scoring the offense variables and those findings increased his minimum sentencing guidelines range. See generally *People v Lockridge*, 498 Mich 358, 373-374; 870 NW2d 502 (2015). We deem this unpreserved argument abandoned because it is insufficiently briefed. Defendant does not contest the scoring of a particular offense variable (OV), but merely asserts a generalized challenge to the OV scoring and notes that he does not have the sentencing information report (SIR) on which to rely.[1] Moreover, defendant fails to discuss the highly significant Michigan Supreme Court decision in *Lockridge*, and he makes no effort to address the applicability of *Lockridge* in the context of a plea agreement in which defendant bargained for the sentencing range in question. See generally *Amezcue v Ochoa*, 577 Fed App'x 699, 700-701 (CA 9 2014) (finding plea and stipulation to sentence waived claim that the sentence violated the defendant's right to a jury trial); *United States v Cieslowski*, 410 F3d 353, 364 (CA 7 2005) (concluding that a sentence imposed under a plea agreement "arises directly from the agreement itself" and not from the sentencing guidelines). In the absence of meaningful argument regarding judicial fact-finding, we decline to craft an argument for defendant or to resolve his judicial fact-finding claim. Instead, we consider this issue abandoned. See *People v Kevorkian*, 248 Mich App 373, 388-389; 639 NW2d 291 (2001).

Affirmed.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause

---

[1] The SIR appears in the lower court record and appellate defense counsel does not explain her failure to obtain the document.