*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW ELLIOTT REIVE,

        Defendant-Appellant.

UNPUBLISHED
July 27, 2023

No. 360871
Grand Traverse Circuit Court
LC No. 2021-013828-FH

Before: GADOLA, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant, Matthew Elliott Reive, appeals by leave granted[1] his concurrent sentences of 21 to 60 months' imprisonment for his convictions of attempted uttering and publishing, MCL 750.249; MCL 750.92, and attempted forgery, MCL 750.248; MCL 750.92. On appeal, defendant argues that the trial court imposed an unreasonable sentence when it departed from the sentencing guidelines minimum range. We affirm.

## I. BACKGROUND FACTS

The convictions in this case stem from defendant's fraudulent endorsement of checks that were taken from two individuals' mailboxes and presented at credit unions to be cashed. Defendant purportedly received the checks from another individual. Defendant successfully cashed one check taken from the first victim's mailbox in the amount of $290 by altering the check to make it payable to himself. Defendant successfully cashed another check taken from the second victim's mailbox by altering the amount from $150 to $750 and by making the check payable to himself. Defendant was unsuccessful in cashing one check taken from the first victim's mailbox because a credit union employee noticed "abnormalities" and told defendant that the victim would

---

[1] *People v Reive*, unpublished order of the Court of Appeals, entered May 5, 2022 (Docket No. 360871).

have to be contacted before the check could be cashed, at which point defendant left the credit union and left the check behind.

Defendant was originally charged with three counts of forgery and two counts of uttering and publishing in this case and two counts of uttering and publishing in a separate case. However, the parties entered into a plea agreement in which defendant pleaded guilty to attempted uttering and publishing and attempted forgery in this case in exchange for the dismissal of all other charges in both cases.

The sentencing guidelines range was calculated to be 0 to 17 months for both crimes. At sentencing, the trial court reflected on defendant's extensive criminal history, which included six felonies and four misdemeanors. Most of these crimes were committed in defendant's home state of Tennessee. The court noted that defendant had served seven years of a 10-year prison sentence for aggravated assault before he was paroled in April 2020 and moved to Michigan. The trial court also found that defendant's criminal conduct in this case occurred about a year after being released from prison. By April 2021, defendant was charged with OWI and motor vehicle tampering. While he was out on bond for the OWI, defendant committed the crimes at issue here. In May 2021, after the instant offenses, he committed another OWI. Then in June 2021, he committed a retail fraud. These charges were pending at the time of sentencing with the exception of the retail fraud which resulted in a conviction by plea.

The court noted that zero points had been allocated for offense variable (OV) 13 and that 10 points "could have [been] scored," but that even with the addition of those 10 points the range would be 2 to 17 months, essentially unchanged from the calculated range of 0 to 17 months. The court determined that a departure from the guidelines range was warranted in light of defendant's "prior record and his out of control theft behavior" since relocating to Michigan. Observing that the guidelines range for uttering and publishing, the offense defendant had "actually committed," would be 9 to 22 months, the court sentenced defendant to 21-60 months' imprisonment. The court denied defendant's subsequent motion for resentencing.

II. ANALYSIS

Defendant argues that he is entitled to resentencing because the trial court abused its discretion when it departed from the applicable sentencing guidelines range. Defendant contends that, because OV 13 already accounts for a pattern of criminal conduct but was not scored, the trial court abused its discretion when it justified the departure sentence on the basis of his criminal history. We disagree.

We review a sentence that departs from the applicable sentencing guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017) (*Steanhouse II*). "A trial court abuses its sentencing discretion when the sentence imposed by the trial court is disproportionate to the seriousness of the circumstances involving the offense and the offender." *People v Dixon-Bey*, 340 Mich App 292, 296; 985 NW2d 904 (2022) (*Dixon-Bey II*). Additionally, "[t]he existence of a departure factor is a factual question reviewed for clear error on appeal." *Id.*

Clear error is present when this Court "is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015).

When a trial court imposes a departure sentence, it must "justify the sentence imposed in order to facilitate appellate review," *Lockridge*, 498 Mich at 392, and explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been," *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (*Dixon-Bey I*) (quotation marks and citation omitted). In reviewing a departure sentence, this Court "must evaluate whether reasons exist to depart from the sentencing guidelines and whether the extent of the departure can satisfy the principle of proportionality." *People v Steanhouse (On Remand)*, 322 Mich App 233, 239; 911 NW2d 253 (2017) (*Steanhouse I*) (emphasis omitted), vacated in part on other grounds 504 Mich 969 (2019). If a trial court's reasons for departure are unclear, the appellate court "cannot substitute its own judgment about why the departure was justified." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). "Nor may [the appellate court] speculate about conceivable reasons for departure that the trial court did not articulate or that cannot reasonably be inferred from what the trial court articulated." *Id*. at 318.

OV 13 addresses a continuing pattern of criminal behavior. MCL 777.43(1). This includes "all crimes within a 5-year period, including the sentencing offense, . . . regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). A trial court is required to assess 10 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ." MCL 777.43(1)(d). If 10 points had been assessed for OV 13, defendant's total OV score would change from 2 to 12 points, which would place defendant in OV Level II instead of Level I. MCL 777.69. Accordingly, as the trial court correctly acknowledged, if 10 points had been assessed for OV 13, defendant's applicable guidelines range would change from 0 to 17 months to 2 to 17 months. MCL 777.69.

A defendant's extensive criminal history and likelihood to reoffend are appropriate considerations in support of a departure sentence. *People v Odom*, 327 Mich App 297, 318; 933 NW2d 719 (2019). At sentencing, the trial court stated that 10 points could have been scored for OV 13 but doing so would not meaningfully change the guidelines range. More important, it is clear from the court's comments that it would still have departed from *either* guidelines range— both of which were 17 months on the high end. Although OV 13 would have accounted for three of the offenses defendant committed within a five-year period, MCL 777.43(1)(d); MCL 777.43(2)(a), the trial court believed that OV 13 would not have accounted for the extent of defendant's criminal record and how soon the defendant began reoffending after being released from a lengthy prison sentence.

Additionally, a trial court is permitted to rely on a plea bargain and the charges that were dismissed when fashioning a sentence. *People v Coulter*, 205 Mich App 453, 456; 517 NW2d 827 (1994). Therefore, the trial court did not abuse its discretion when it determined the extent of the departure sentence on the basis of the guidelines for the dismissed uttering and publishing charge.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado