*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ADAM CARL CALO,

        Defendant-Appellant.

UNPUBLISHED
April 18, 2024

No. 359861
Antrim Circuit Court
LC No. 2020-005031-FC

Before: CAVANAGH, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his plea-based conviction of operating while intoxicated (OWI) causing death, MCL 257.625(4). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 200 to 400 months' imprisonment, with credit for 345 days served. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a hit-and-run resulting in the death of a pedestrian. On June 22, 2020, defendant was driving under the influence of methamphetamine, heroin, and fentanyl. He was traveling south on Satterly Lake Road in Mancelona Township. The victim, a 72-year-old woman, was walking on the east side of the road when defendant crossed the centerline, drove off the shoulder and onto the grass, and then drove back onto the roadway, striking the victim. Defendant did not slow down after striking the victim and instead fled the scene. The victim was found unresponsive and was taken to a nearby hospital.

Antrim County Sheriff's Deputy Mike Cochrane arrived at the scene. He spoke to an eyewitness, who gave a detailed description of defendant's vehicle. A resident of a neighborhood in the area also reported seeing a car matching the description of defendant's vehicle drive into a

---

[1] *People v Calo*, unpublished order of the Court of Appeals, entered August 16, 2023 (Docket No. 359861).

ditch outside his home and then drive away. As Deputy Cochrane was trying to locate the vehicle, a report came in from another sheriff's deputy indicating that she saw defendant's vehicle traveling westbound in the eastbound lane on Alba Highway. Defendant crossed over the centerline and almost struck the deputy's vehicle. The deputy initiated a traffic stop, and assisting officers, including Deputy Cochrane, arrived at the scene. Defendant admitted to Deputy Cochrane that he had consumed heroin intravenously several hours before the traffic stop. Defendant was arrested for operating under the influence of drugs. A laboratory analysis of defendant's blood indicated the presence of amphetamine, fentanyl, and methamphetamine. Defendant's girlfriend, who was a passenger in defendant's vehicle at the time of the accident, told police that she and defendant had been consuming heroin and methamphetamine intravenously and taking Xanax for five days preceding the accident.

At the hospital, the victim was diagnosed with extensive injuries, including multiple significant pelvic fractures, spinal and tibial fractures, and numerous contusions and lacerations. She underwent numerous surgeries and was responsive to stimuli for several days following the accident, but ultimately became unresponsive and was transitioned to palliative care. She died on July 14, 2020. Defendant was charged as a fourth-offense habitual offender with second-degree murder, MCL 750.317, and OWI causing death, MCL 257.625(4). He ultimately agreed to plead no contest to OWI causing death in exchange for the dismissal of the second-degree murder charge.[2]

A presentence investigation was conducted, and the presentence investigation report (PSIR) indicated that defendant's sentencing guidelines range was 50 to 200 months. At sentencing, the trial court noted that defendant had three prior felony convictions and four prior misdemeanor convictions, including a 2003 conviction for operating under the influence causing serious injury, and several previous unsuccessful attempts at probation. The trial court also noted that some of defendant's prior felony convictions fell outside of the range of consideration for the purposes of scoring defendant's sentencing guidelines. With respect to the sentencing offense, the trial court concluded that defendant drove away from the scene of the accident because he was trying to protect himself. The trial court also found that "[t]here are some arguments that would support exceeding the guidelines in this case," but declined to sentence defendant in excess of the guidelines range to avoid subjecting the victim's family to postconviction litigation. The trial court ultimately sentenced defendant to 200 to 400 months' imprisonment. This appeal followed.

II. ANALYSIS

Defendant argues that his sentence, though within the guidelines range, is disproportionate and unreasonable. We disagree.

"[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (alteration in original; quotation marks and citation omitted). This standard

---

[2] At the plea hearing, defendant pleaded no contest to OWI causing death, but the judgment of sentence indicates that defendant pleaded guilty.

of review applies to both within-guidelines sentences and sentences that depart from the guidelines. *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023) (*Posey II*). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality . . . ." *Dixon-Bey*, 321 Mich App at 520 (quotation marks and citation omitted). "A trial court abuses its discretion if the imposed sentence is not 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Ventour*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363922); slip op at 7, quoting *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). Further, "a trial court necessarily abuses its discretion when it makes an error of law." *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022).

Although the sentencing guidelines are advisory, "they remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). Trial courts must consult the guidelines when imposing a sentence. *Id*. "[A] judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing." *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990), abrogated in part on other grounds by *Steanhouse*, 500 Mich at 477. "[T]he appropriate sentence range is determined by reference to the principle of proportionality; it is a function of the seriousness of the crime and of the defendant's criminal history." *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003).

In making a proportionality assessment, a trial court must consider the nature of the offense and the background of the offender. *Milbourn*, 435 Mich at 651. A trial court imposing a sentence may consider numerous factors under the proportionality standard, including, but not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expression of remorse, and the defendant's potential for rehabilitation. [*People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019) (quotation marks and citation omitted).]

Under the principle of proportionality, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Dixon-Bey*, 321 Mich App at 521 (quotation marks and citations omitted).

"When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate." *Posey II*, 512 Mich at 360. To overcome this presumption, "the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ." *Id*. at 359. Here, the trial court sentenced defendant to a minimum term of 200 months' imprisonment, which is within the sentencing guidelines range of 50 to 200 months. Thus, defendant's within-guidelines sentence is presumed proportionate and defendant bears the burden of "present[ing] unusual circumstances that would render the presumptively proportionate sentence disproportionate." *Ventour*, ___ Mich App at ___; slip op at 8, quoting *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (alteration in original; quotation marks omitted).

As part of his argument, defendant argues that his sentence is disproportionate because his substance abuse and mental health issues were mitigating factors that the trial court either rejected or treated as aggravating factors. After reviewing the record, we conclude that defendant has not established that either of these issues were the type of "unusual circumstances" that would render his presumptively proportionate sentence disproportionate. *Ventour*, ___ Mich App at ___; slip op at 8. Although defendant argues that his drug addiction and mental illness are mitigating factors, a trial court is not required to consider a defendant's mental health or substance abuse history when imposing a sentence. *People v Johnson*, 309 Mich App 22, 34; 866 NW2d 883 (2015), vacated in part on other grounds 497 Mich 1042 (2015).

Further, defendant overlooks that "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). But even so, the record reflects that the trial court was aware of defendant's substance abuse history and mental health issues at sentencing. Both problems were documented in defendant's PSIR, and defense counsel argued at sentencing that defendant had a substance abuse disorder. The PSIR also indicates that defendant appeared to be suffering from anxiety or depression and was receiving treatment while in custody. At sentencing, the trial court referenced information from the PSIR, including defendant's criminal history, the circumstances surrounding his arrest, and the recommended sentencing guidelines range. Thus, it appears that the trial court reviewed the PSIR and considered its contents when imposing defendant's sentence. Defendant has not established that the trial court was required to consider his substance abuse history and mental health when imposing his sentence, nor does the record support defendant's contention that the trial court failed to consider these factors. Defendant, therefore, has not established that the trial court abused its discretion by failing to consider these factors at sentencing.

Defendant also argues that his sentence violates the principle of proportionality because it was based on general principles, rather than individualized considerations. We disagree with this assertion. As an initial matter, defendant does not identify what general principles he believes the trial court based his sentence upon. Defendant appears to argue that because the trial court failed to consider his mental health and substance abuse history, the trial court did not distinguish him from the typical violent offender convicted of the same offense. Thus, defendant contends, the court consequently based his sentence on general principles rather than his individualized circumstances. As discussed above, the trial court was not required to consider defendant's substance abuse history or mental health when imposing his sentence. *Johnson*, 309 Mich App at 34. Moreover, the record indicates that the trial court based its sentencing decision on the circumstances specific to defendant and the instant offense. At sentencing, the trial court referenced defendant's criminal history, including a 2003 conviction for driving under the influence causing serious injury, and previous unsuccessful attempts at probation. The trial court also noted that some of defendant's prior felony convictions fell outside of the range of consideration for the purposes of scoring defendant's sentencing guidelines. The trial court further noted the drug- and alcohol-related nature of defendant's past offenses. It discussed defendant's actions following the instant offense, including failing to stop after hitting the victim and continuing to drive recklessly after the collision. The court further found that the circumstances could warrant an upward departure from the guidelines, but sentenced defendant within the guidelines range to avoid subjecting the victim's family to postconviction litigation. Defendant

has therefore failed to establish that the trial court based his sentence on general principles rather than the individualized circumstances of the offense and the offender.

Defendant finally argues that the trial court abused its discretion by noting during sentencing that "there is an argument for second-degree murder[.]" He contends that the court's comments suggest that it considered the original charge of second-degree murder, rather than the lesser charge of OWI causing death to which defendant pleaded no contest. Defendant mischaracterizes the trial court's statements. At sentencing, the trial court stated:

> I will let the family know, because I know they would like a sentence of approximately 20 years, that exceeding the guidelines creates additional legal issues. There are some arguments that would support exceeding the guidelines in this case, there were multiple crimes committed here, those crimes were not assessed—or were not charged, the only crime that was charged, was the more serious—most serious crime, that he committed, which I think there is an argument for second-degree murder, given the—given the 2003 episode, where you were on notice as to the impact of your actions—the potential impact. So[,] I think there is a basis that could potentially justify a [sic] exceeding of the guidelines here. But to do so, frankly, would subject the family and you to maybe even a decade of litigation and lawsuits.

In this context, it is clear that the trial court was stating that: (1) defendant's 2003 conviction for driving under the influence causing serious injury supported a second-degree murder conviction because the 2003 conviction put defendant on notice of the dangers of driving while impaired, and (2) though the facts may warrant a sentence exceeding the guidelines, the trial court was imposing a within-guidelines sentence. Thus, defendant's argument on this point lacks merit.

Even if defendant's interpretation of the trial court's statement is correct, however, "a sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing." *People v Coulter*, 205 Mich App 453, 456; 517 NW2d 827 (1994). Defendant pleaded no contest to OWI causing death in exchange for the dismissal of the count of second-degree murder. Thus, even if the trial court considered the second-degree murder charge in imposing defendant's sentence, defendant has not established that the court abused its discretion by doing so. Ultimately, he has not demonstrated error warranting resentencing.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick