*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICHARD FRANK JACKSON,

        Defendant-Appellant.

UNPUBLISHED
April 20, 2026
1:32 PM

No. 372465
St. Joseph Circuit Court
LC No. 23-024866-FC

Before: O'BRIEN, P.J., and FEENEY and WALLACE, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b) (force or coercion is used to accomplish sexual penetration, fellatio). The trial court, departing from the minimum sentencing guidelines range of 24 to 40 months, sentenced defendant to 10 to 15 years' imprisonment. Defendant appeals by leave granted[1] and argues that the trial court did not provide adequate justification for defendant's sentence. For the reasons set forth in this opinion, we vacate defendant's sentence and remand for the trial court to further articulate its justifications for the departure sentence imposed or to resentence defendant.

## I. FACTS

The victim in this case was the nine-year-old daughter, DH, of defendant's long-time girlfriend. Defendant forced DH to perform oral sex on him in three separate instances while DH's mother and little brother were asleep in the same room, and on one occasion, DH awoke to defendant performing oral sex on her. Defendant told DH that if she told anyone about what he did, he would go to jail or her father would kill him. When DH told her grandmother about these assaults, her grandmother confronted defendant, and he denied the allegations. The police later arrested defendant pursuant to these allegations, and defendant immediately waived his *Miranda*[2]

---

[1] *People v Jackson*, unpublished order of the Court of Appeals, entered November 6, 2024 (Docket No. 372465).

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

rights and stated how sorry he was for what happened. Defendant admitted that he had oral sex with DH, but he claimed that it "only happened two times." Defendant agreed that he heard allegations that it happened five or six times, and he stated that "whatever [DH] said was the truth, but he only remembered twice."

Defendant was charged with three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of a child under 13 years old). Two counts were for the incidents when defendant forced DH to perform oral sex on him, and one count was for the incident when defendant forcibly performed oral sex on DH. Defendant pleaded guilty to one count of CSC-III. As part of the plea agreement, the prosecution agreed to drop the remaining three CSC-I charges. There was no sentencing agreement.

At sentencing, the trial court departed from the recommended sentencing guidelines range of 24 to 40 months' imprisonment and sentenced defendant to 10 to 15 years' imprisonment. The trial court relied on the following to justify defendant's sentence: (1) defendant "victimized a young girl for his own gratification . . . while his girlfriend and her other child were in the same room"; (2) "defendant was in the victim's life for four years of her childhood, a time period in which he was looked upon at least in some part as a type of father figure"; (3) the victim would be expected to endure "lifelong anguish" and should have had the "benefit of having at least 25 years to live knowing that [defendant was] not out there to terrorize her"; (4) defendant forced the victim to perform oral sex on him at least four times; (5) defendant only admitted to the crime when he was confronted by the police, and even still, he only admitted that the assaults occurred two times; (6) defendant pressured the victim's grandmother and the victim to not cooperate with the police; (7) the circumstances of the case clearly indicated that defendant was guilty of CSC-I in at least two instances despite his plea to one count of CSC-III; (8) defendant only expressed remorse for his actions when he got a plea deal; and (9) defendant was "a risk to children despite the report from the expert . . . ." Defendant now appeals.

## II. SENTENCING

On appeal, defendant argues that the trial court did not provide adequate justification for defendant's disproportionate and unreasonable sentence. We conclude that the trial court provided adequate explanation and justification for a departure sentence in this case; however, remand and resentencing is appropriate to ensure that: (1) defendant's sentence was not influenced by the trial court's improper consideration of the fact that defendant waited to plead guilty, and (2) the trial court's rational for the extent of the departure was adequate.

### A. STANDARD OF REVIEW

We review a trial court's upward departure from the minimum sentencing guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). The reasonableness of a sentence is reviewed for an abuse of discretion. *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). An abuse of discretion occurs when the sentence violates

the principle of proportionality as set forth in *Milbourn*.[3]  *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).  The principle of proportionality requires that sentences are "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460 (quotation marks and citation omitted).  "Resentencing will be required when a sentence is determined to be unreasonable." *Lockridge*, 498 Mich at 392.

## B.  ANALYSIS

Although Michigan's sentencing guidelines are advisory only, they still must be considered and consulted by sentencing courts. *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017).  Sentencing courts may exercise their discretion and depart from an applicable guidelines range, provided that the departure is reasonable. *Lockridge*, 498 Mich at 391-392.  "[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in *Milbourn*." *Walden*, 319 Mich App at 351.  The key inquiry is "whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990), overruled in part by *Steanhouse*, 500 Mich 453.

When applying this principle, the trial court may consider several factors including, but not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation.  [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted).]

In addition, "a sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing," *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994), and "conduct beyond the sentencing offense can be considered for purposes of departing from the guidelines," *People v McGraw*, 484 Mich 120, 130 n 30; 771 NW2d 655 (2009).  But a trial court's decision to depart from the sentencing guidelines should not be based on factors that are "contemplated by at least one offense variable (OV)" if the trial court offers no reasoning as to why the scoring of that OV was "insufficient to reflect" the particular circumstances of the present case.  See *Dixon-Bey*, 321 Mich App at 526-527.

"[A] trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted).  If we determine that the "trial court has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for

---

[3] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled in part by *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017).

the *extent* of the departure sentence imposed, [we] must remand to the trial court for resentencing." *Steanhouse*, 500 Mich at 476 (emphasis added).

Defendant first argues that the trial court failed to address how the sentence imposed was more proportionate to the offense and the offender than a different sentence within the guidelines would have been. Defendant specifically asserts that the trial court "failed to address most of the positive, meliorating factors" in this case, including that: (1) defendant had no prior felonies, assaults on children, or history involving child porn; (2) defendant's psychosexual risk assessment classified defendant as a low risk with "no sexual interest in children"; (3) "defendant did not try to cover up the crimes at all"; and (4) after his arrest, defendant "immediately began trying to make himself into a better person" by getting a job, maintaining his sobriety, building a relationship with his sons, going to church, and seeing a counselor. But contrary to defendant's suggestion, "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). In this case, the trial court was provided with copies of defendant's presentence investigation report, psychosexual risk assessment, and letters of support, and the court discussed the contents of those documents at sentencing. Because the trial court was clearly aware of the contents of those documents, which discussed the topics that defendant draws attention to on appeal, defendant cannot conclusively show that the trial court failed to consider those mitigating factors. See *id*. at 63-64.

At sentencing, the trial court discussed some topics already considered by the OVs, such as: (1) the psychological injury to DH, see MCL 777.34; (2) the exploitation of a vulnerable victim, see MCL 777.40; (3) defendant's pressuring statements to DH and her grandmother to not report his crimes, see MCL 777.49; and (4) DH's disclosure of at least three specific assaults by defendant, see MCL 777.43. But the trial court also discussed topics that were not considered by the OVS, such as: (1) the timeframe in which defendant took accountability and expressed remorse; (2) the fact that defendant was charged with three counts of CSC-I, and that the circumstances of the case indicated that defendant was guilty of at least two counts of CSC-I; and (3) the trial court's belief that defendant was a risk to children, especially considering that defendant's actions took place in the presence of DH's unaware mother and brother. As previously discussed, when departing from the sentencing guidelines, a trial court may consider the seriousness of the offense and factors that were not adequately considered by the guidelines, *Walden*, 319 Mich App at 352-353, including "the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing," *Coulter*, 205 Mich App at 456. Accordingly, the trial court's sentencing rationale—which spanned six pages of transcript—provided adequate explanation and justification for a departure sentence in this case. See *Dixon-Bey*, 321 Mich App at 525.

Our concern with the trial court's sentencing rationale, therefore, boils down to two main issues, the trial court's: (1) references to defendant's apparent lack of remorse in connection with the delay of status conferences in this case, and (2) rationale, or lack thereof, explaining the *extent* of the departure imposed.

Although trial courts may consider the offenses dismissed by a plea deal, *Coulter*, 205 Mich App at 456, they may not factor a defendant's delay in accepting a plea deal as a reason for

a departure sentence. Doing so could be seen as penalizing a defendant for exercising his or her right to a trial. See *People v Atkinson*, 125 Mich App 516, 518; 336 NW2d 41 (1983). The trial court's statement that defendant "could have taken advantage of [his] sincerity and [his] belief that [he] wanted to take responsibility for this by not continuously making [the trial court] have status conferences and inflicting that pain on the victim of having to prepare for a trial" suggests that the trial court may have been motivated to penalize defendant for waiting to accept a plea deal. Because it is not clear how much weight the trial court placed on this factor when imposing defendant's sentence, remand and resentencing is necessary to ensure that defendant's sentence was not influenced by the trial court's improper consideration of the fact that defendant waited to plead guilty.

There is also a question as to whether the trial court provided adequate reasons for the *extent* of the departure imposed. See *Steanhouse*, 500 Mich at 476. Our Supreme Court has explained as follows:

> We do not suggest that trial courts must sentence defendants with mathematical certainty. Nor are any precise words necessary for them to justify a particular departure.
>
> Ultimately, in reviewing sentences, appellate courts examine the reasons articulated for departure. The trial court's articulation must be sufficiently detailed to facilitate appellate review. This includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. [*People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008) (citations omitted).]

In this case, the trial court's departure sentence resulted in the imposition of the maximum minimum sentence permissible under the established two-thirds rule. MCL 769.34(2)(b). The trial court sentenced defendant to a minimum of 10 years, and for a CSC-III conviction the maximum possible sentence is 15 years, MCL 750.520d(2); therefore, the 10-year sentence imposed is exactly two-thirds of the maximum possible sentence. This sentence was also about seven years more than the maximum minimum sentence recommended by the sentencing guidelines (40 months). See MCL 777.63. This is a significant departure that the trial court must have adequately justified. See *Dixon-Bey*, 321 Mich App at 525. Considering the extent of the departure in this case, and the question of whether the trial court improperly considered the fact that defendant waited to plead guilty, we ask the trial court to provide further clarification on remand regarding the *extent* of its departure in this case.

### III. CONCLUSION

Accordingly, we vacate defendant's sentence and remand for the trial court to further articulate its justifications for the departure sentence imposed or to resentence defendant. We retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney
/s/ Randy J. Wallace

# Court of Appeals, State of Michigan

# ORDER

PEOPLE OF MI V RICHARD FRANK JACKSON

Docket No. 372465

LC No. 23-024866-FC

Colleen A. O'Brien
Presiding Judge

Kathleen A. Feeney

Randy J. Wallace
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 28 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, the trial court is to further articulate its justifications for the departure sentence imposed or to resentence defendant. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings

_Colleen A. O'Brien_
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 20, 2026
Date

Chief Clerk