PEOPLE v BRZEZINSKI (AFTER REMAND)

Docket No. 146288. Submitted September 23, 1992, at Grand Rapids.
    Decided October 5, 1992, at 9:30 A.M. Leave to appeal sought.
  Allen L. Brzezinski pleaded guilty in the Leelanau Circuit Court,
    Charles M. Forster, J., of one count of second-degree criminal
    sexual conduct and three counts of attempted second-degree
    criminal sexual conduct in exchange for dismissal of a charge
    of first-degree criminal sexual conduct. He was sentenced to ten
    to fifteen years in prison for the conviction of second-degree
    criminal sexual conduct and forty to sixty months in prison for
    each of the remaining convictions. He appealed, and the Court
    of Appeals, HOOD, P.J., and McDONALD and FITZGERALD, JJ., in
    an unpublished opinion per curiam (Docket No. 130119), re-
    manded for resentencing in light of People v Milbourn, 435
    Mich 630 (1990). Following a hearing on remand, the court
    imposed the same sentence. The defendant appealed.
  After remand, the Court of Appeals held:
    1. The sentence for the conviction of second-degree criminal
  sexual conduct was not an abuse of discretion, excessive, or
  unfairly disparate. The sentence was adequately tailored to the
  circumstances of the case, and there was no violation of the
  principle of proportionality.
    2. The updated presentence report prepared for resentencing
  was sufficient.
    3. The trial court did not err in failing to prepare a second
  sentencing information report for use at resentencing.
    Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael J. Lemcool,* Prosecuting Attorney, and *Carole F. Barnett,* Assistant Attorney General, for the people.

*Blakeslee, Chambers, Peterson, Dalrymple & Christopherson* (by *James A. Christopherson*), for the defendant on appeal.

Before: SAWYER, P.J., and MURPHY and GRIFFIN, JJ.

GRIFFIN, J. Defendant pleaded guilty on April 2, 1990, of one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), and three counts of attempted second-degree criminal sexual conduct, MCL 750.92, 750.520c(1)(a); MSA 28.287, 28.788(3)(1)(a), stemming from the sexual abuse of his four minor children. Defendant was sentenced to ten to fifteen years in prison for his conviction of CSC II, and to forty to sixty months in prison for each of the remaining convictions. Defendant appealed his sentences as of right, and this Court remanded for resentencing in light of *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). Unpublished opinion per curiam, decided June 7, 1991 (Docket No. 130119). Following a hearing, the trial court imposed the same sentence on remand that it did originally. Defendant again appeals as of right, and we now affirm.

In his first issue on appeal, defendant argues that his ten- to fifteen-year sentence is excessive and violates the principle of proportionality. We disagree.

Defendant's ten-year minimum sentence is the maximum sentence allowed by law for CSC II.[1] It is also a twofold departure from the high end of the guidelines recommended minimum range of twenty-four to sixty months. We acknowledge that under *Milbourn, supra,* such extreme departures are suspect. Under *Milbourn,* the second edition of the guidelines are said to provide the best "barometer" for gauging the proportionality of a given

---

[1] *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

sentence. *Id.* at 656. However, adherence to the guidelines is not required, and sentencing courts remain free to depart when the recommended range is disproportionate to the offense and the offender. See *People v Redman,* 188 Mich App 516, 517; 470 NW2d 676 (1991).

Applying this principle to this case, we find no abuse of sentencing discretion. A review of the record reveals that defendant is an admitted pedophile who abused and terrorized his four natural children, all of whom were very young when the abuse occurred. Although defendant pleaded guilty of three counts of attempted CSC II, the plea transcript reveals that completed acts occurred. Furthermore, at the suggestion of this Court, the trial court, on remand, took testimony from defendant's ex-wife regarding the extent and ongoing nature of the sexual abuse. She testified that, from what she could remember, the abuse took place over a two-year period, between 1986 and 1988. Defendant's ex-wife described numerous incidents where she discovered defendant engaged in adult sexual acts with their very young children, one of whom, a male child, was only three years old at the time. At the close of the hearing, the trial court found the sentence recommended by the guidelines to be "grossly inadequate" with regard to the conduct at issue. We agree and find the following reasons listed on the departure form sufficient to sustain the departure exercised in this case:

> Defendant is an admitted pedophile. He is being sentenced for one count of criminal sexual conduct in the second degree and three counts of attempted criminal sexual conduct in the second degree. The victims are his own minor children. Defendant's criminal activities took place over an extended period of time and involved numerous acts. The medical information indicates that the

defendant's condition is extremely difficult to treat and usually with little success. Defendant was allowed to plead to these charges in exchange for dismissal of a criminal sexual conduct charge in the first degree. The court finds that the defendant received full credit in the sentencing process when the plea negotiation was agreed to. The court views the defendant as a [sic] extremely dangerous person, not only to his own children, but to the community at large. To achieve the goals of punishment, protection of society, hopefully rehabilitation of the defendant and the deterrence factor, the court does not find that the suggested guidelines are sufficient in duration to achieve these goals. The court is satisfied that a long term controlled environment is needed for the defendant.

We also note that the trial court appropriately emphasized the substantial nature of the plea bargain that had been struck in this case. *Milbourn* did not address the unique sentencing situation that arises when a defendant pleads guilty of a lesser charge in exchange for dismissal of other or greater charges. *People v Duprey,* 186 Mich App 313, 318; 463 NW2d 240 (1990). In such cases, a trial court's consideration of factors not embodied in the guidelines becomes more compelling. *Id.; People v Anthony Williams,* 191 Mich App 685, 687-688; 479 NW2d 36 (1991). In this case, defendant was originally charged with one count of first-degree csc and three counts of second-degree csc. Under Michigan law, first-degree criminal sexual conduct carries a potential life sentence. MCL 750.520b(2); MSA 28.788(2)(2). Consequently, by operation of the plea bargain, the possibility of a life sentence was removed, and defendant's potential term of incarceration was limited to fifteen years.

After thorough review, we conclude that defen-

dant's sentence is adequately tailored to the individual circumstances of his case. We find the sentence to be neither excessively severe nor unfairly disparate, and accordingly find no violation of the principle of proportionality.

Defendant next contends that the updated presentence report prepared for the resentencing was inadequate and incomplete. We disagree. We find the one-page addition prepared by the probation department sufficient, particularly in view of defendant's failure to object below. See *People v Sharp,* 192 Mich App 501, 504; 481 NW2d 773 (1992).

Finally, defendant argues that the trial court erred in not preparing a second sentencing information report for use at the resentencing. We disagree. The cases relied on by defendant are inapposite, and we are not told how or why the preparation of a second report would have aided the proceedings below. Defendant has not shown any basis for relief with regard to this issue.

Affirmed.