*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
February 13, 2020

v

No. 349508
Shiawassee Circuit Court
LC No. 2018-002660-FH

ANGEL SUE POTTER,

        Defendant-Appellant.

Before: FORT HOOD, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant pleaded guilty to being a prisoner in possession of a controlled substance, MCL 801.263(2), and was sentenced to serve 30 to 60 months' imprisonment. Defendant filed a delayed application for leave to appeal, which this Court granted, contending that the trial court abused its discretion in departing from defendant's minimum sentencing guidelines range.[1] We affirm.

On October 25, 2017, defendant was found to be in possession of marijuana while confined at the Shiawassee County Jail. Another inmate told a corrections officer that defendant had offered her marijuana. The other inmate also overhead defendant's phone call with a bond agent, where defendant asked the agent to get her out of jail because she had marijuana in her pocket.

On appeal, defendant's sole argument is that the trial court abused its discretion by departing upwards from the sentencing guidelines range of 0 to 17 months and sentencing defendant to serve 30 to 60 months' imprisonment. We disagree and conclude that the sentence imposed was proportionate to the seriousness of the circumstances surrounding the offense and the offender.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502

---

[1] *People v Potter*, unpublished order of the Court of Appeals, entered August 6, 2019 (Docket No. 349508).

(2015). " '[T]he relevant question for appellate courts reviewing a sentence for reasonableness' is 'whether the trial court abused its discretion by violating the principle of proportionality . . . .' " *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (ellipsis in original; citation omitted). "[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in [*People v Milbourn*, 435 Mich 630, 657-658; 461 NW2d 1 (1990)]." *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). *Milbourn*'s principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 352 (quotation marks and citation omitted).

This Court has stated that factors that may be considered by a trial court under the proportionality standard include, but are not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted).]

The sentencing guidelines are "a useful tool in carrying out the legislative scheme of properly grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments." *Milbourn*, 435 Mich at 657-658. Therefore, a trial court must consult the guidelines and take them into account when sentencing a defendant. *Dixon-Bey*, 321 Mich App at 524. Additionally, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. at 524-525 (quotation marks and citations omitted).

The trial court in this case articulated several factors in support of its imposition of a departure sentence. First, the court noted that defendant had other charges that were dismissed by the prosecutor as part of a plea bargain when defendant pleaded guilty to the current charge. "A sentencing court is allowed to consider the facts underlying uncharged offenses . . . ." *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994). "Further, this Court has recognized that a sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing." *Id*. In *People v Williams*, 223 Mich App 409, 411; 566 NW2d 649 (1997), we noted:

> A sentence constitutes an abuse of discretion if it is disproportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 719 (1996). *Milbourn* does not address the unique sentencing situation that arises, however, when a defendant pleads guilty of a charge in exchange for dismissal of other or greater charges. *People v Brzezinski (After Remand)*, 196 Mich App 253, 256; 492 NW2d 781 (1992). "Such pleas will invariably present the sentencing judge with important factors that may not be adequately embodied in the guideline variables," *People v Duprey*, 186 Mich App 313, 318; 463 NW2d 240 (1990), so departure from the guidelines is often

justified on this basis, *People v Butts*, 144 Mich App 637, 640-641; 376 NW2d 176 (1985).

A trial court may appropriately "emphasize[] the substantial nature of the plea bargain that ha[s] been struck" in departing from the sentencing guidelines. *Brzezinski*, 196 Mich App at 256. Further, "[i]n such cases, a trial court's consideration of factors not embodied in the guidelines becomes more compelling." *Id*.

In this case, the trial court noted that felony charges of furnishing contraband to a prisoner and absconding bond had been dismissed pursuant to the plea agreement. Further, the prosecution's notice of defendant's status as a third-offense habitual offender was also dismissed. The court noted that the dismissed charges, particularly had defendant been sentenced as a third-offense habitual offender, could have carried sentences substantially larger than even the one imposed in this case. These were appropriate considerations.

Second, the trial court noted that the Class H grid, MCL 777.69, under which defendant was sentenced, accounts for a total of only 16 offense variable (OV) points, whereas defendant's total OV score in this case was 26 points. See *People v Cline*, 276 Mich App 634, 650-651; 741 NW2d 563 (2007) (for the purpose of a departure sentence, it is appropriate for a trial court to consider when a sentencing grid does not fully contemplate a defendant's OV score). Moreover, the trial court noted that the assessment of 25 points for OV 19 did not account for defendant's other offenses that interfered with the administration of justice. "[OV] 19 is threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. Under MCL 777.49(a), when "[t]he offender by his or her conduct threatened the security of a penal institution or court," 25 points are scored for OV 19. In this case, while 25 points were scored for OV 19 because defendant brought marijuana into jail, the record indicates that OV 19 does not account for defendant's conduct in absconding bond, defendant's refusal to participate in random drug testing, defendant's failure to adhere to an order for random drug testing, defendant's failure to appear for a show-cause hearing after a bench warrant was issued, and defendant's failure to appear at another hearing, which resulted in the cancelation of defendant's trial.

The trial court properly explained why the sentence imposed is "more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 524-525 (quotation marks and citations omitted). Moreover, in addition to identifying several factors in justification for the departure and concluding that the guidelines were insufficient in this case, the trial court clearly indicated that it would have imposed the same sentence even if the guidelines were scored differently or if only one of the cited factors existed. See *People v Mutchie*, 468 Mich 50, 51-52; 658 NW2d 154 (2003).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Jane M. Beckering
/s/ Mark T. Boonstra