*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 10, 2025
10:26 AM

v

No. 373722
Cheboygan Circuit Court
LC No. 2022-006430-FH

MARTY RAY MITCHELL,

Defendant-Appellant.

Before: MARIANI, P.J., and MALDONADO and YOUNG, JJ.

PER CURIAM.

Defendant pleaded guilty to operating while intoxicated, third offense (OWI-III), MCL 257.625(1); MCL 257.625(9)(c), and was sentenced to serve three to five years' imprisonment. Defendant appeals by leave granted,[1] challenging his sentence. We vacate defendant's sentence and remand for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2022, two officers conducted a traffic stop of defendant. During the stop, the officers detected a strong smell of marijuana coming from inside of defendant's truck and saw that defendant had "watery, glassy, bloodshot eyes." Defendant also admitted to the officers that he did not have insurance for the truck. The officers cited defendant for having no insurance but offered him 10 minutes to procure it to avoid having the vehicle towed. When the officers returned to defendant's truck, defendant stated that he had not gotten insurance. Defendant then rolled up his window and drove off with the officers in pursuit. Defendant subsequently stopped at a local park but refused to get out of his truck when the officers repeatedly ordered him to do so. The officers called for backup and additional officers arrived shortly thereafter, but defendant continued to refuse to get out of his truck. Following a 30-minute standoff, the officers ultimately broke defendant's window to forcibly remove him from the truck. As the officers attempted to

---

[1] *People v Mitchell*, unpublished order of the Court of Appeals, entered January 21, 2025 (Docket No. 373722).

remove defendant from the truck, he kicked at them and refused to let go of the steering wheel. It ultimately took four officers to remove defendant from the truck, put him in restraints, and arrest him. A search of defendant's truck revealed two bottles of liquor, a fanny pack containing marijuana residue, a marijuana pipe, and a half-smoked marijuana joint. Defendant's subsequent blood draw was positive for THC at a level indicating recent use.

Following his arrest, defendant was charged as a fourth-offense habitual offender, MCL 769.12, with OWI-III; fourth-degree fleeing and eluding, MCL 750.479a(2); operating a motor vehicle without security, MCL 500.3102; transportation or possession of an open container of alcohol in a motor vehicle, MCL 257.624a; and five counts of resisting or obstructing a police officer, MCL 750.81d(1). Pursuant to a plea agreement, defendant pleaded guilty to OWI-III in exchange for dismissal of all other charges and withdrawal of the notice to enhance his sentence based on his fourth-habitual status. The trial court departed upward from the advisory minimum sentencing guidelines range of one to two years' imprisonment and sentenced defendant as described. Defendant subsequently applied for leave to appeal to this Court, which was granted.

## II. DEPARTURE SENTENCE

Defendant argues that he is entitled to resentencing because the trial court imposed an unreasonable and disproportionate upward departure from his advisory minimum sentencing guidelines range. While defendant has not shown error in the trial court's threshold decision that a departure sentence was warranted, we agree with defendant (and the prosecution) that the court did not sufficiently justify the extent of its departure sentence. We therefore vacate defendant's sentence and remand for resentencing.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). Whether the trial court imposed a reasonable sentence is reviewed for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 476; 902 NW2d 327 (2017). "An unreasonable sentence amounts to an abuse of discretion and a sentence is unreasonable if the trial court failed to follow the principle of proportionality or failed to provide adequate reasons for the extent of the departure from the sentencing guidelines." *People v Sherrill*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 360133); slip op at 9.

Trial courts may "depart from the guidelines when, in their judgment, the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Walden*, 319 Mich App 344, 352; 901 NW2d 142 (2017) (quotation marks and citation omitted). "To determine a proportionate sentence, a trial court must consider the nature of the offense and the background of the offender." *Sherrill*, ___ Mich App at ___; slip op at 9. In doing so, the trial court must still consult and duly consider the sentencing guidelines, despite their advisory nature. *Lockridge*, 498 Mich at 391. Relevant factors to consider when applying the principle of proportionality include:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's

potential for rehabilitation. [*Sherrill*, ___ Mich App at ___; slip op at 9 (quotation marks and citation omitted).]

The trial court also "must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been[.]" *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citations omitted). This includes an on-the-record explanation of both the reasons for imposing a departure sentence and "the *extent* of the departure independent of the reasons given to impose a departure sentence." *People v Smith*, 482 Mich 292, 305-306, 313-314; 754 NW2d 284 (2008). Indeed, "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." *People v Milbourn*, 435 Mich 630, 660; 461 NW2d 1 (1990).

In this case, the presentence investigation report (PSIR) indicated that defendant had a significant criminal history, including three prior felony convictions and 12 prior misdemeanor convictions since 1991. As a result, defendant had been sentenced to jail four times and placed on probation seven times. The PSIR also indicated that defendant had, on multiple occasions, been convicted of new offenses while on probation since the start of his criminal history in 1991. The PSIR further indicated that defendant was serving a term of probation for OWI-III in another county when he committed the sentencing offense; that a bench warrant was out for defendant's arrest for failing to appear for a probation-violation hearing related to his prior OWI-III offense; and that a second bench warrant was out for defendant's arrest because he had been charged with a new criminal offense in another county while out on bond for the sentencing offense.

Defendant's advisory minimum sentencing guidelines range was one to two years' imprisonment, with the statutory maximum set at five years' imprisonment. Pursuant to the plea agreement, the guidelines range did not contemplate the other eight charges that defendant had originally faced or defendant's fourth-habitual status. The trial court decided to depart upward from the one-to-two-year guidelines range, sentencing defendant to three to five years' imprisonment. In explaining its rationale for the departure, the court acknowledged that one of defendant's prior felonies was related to child support and was a low-severity crime, stating that that offense "really wouldn't factor a whole lot in driving an incarceration sentence for a later felony[.]" The court, however, expressed its concerns about defendant's lengthy criminal history and his poor prospect for rehabilitation, as demonstrated by his recent behavior, and it emphasized the significant benefit he received from the plea agreement:

> You come before a Circuit Court, [defendant], on probation for a felony repeat driving while intoxicated. Not only as a probationer for that but as a probation absconder, and while you're a probation absconder—while you're on probation, you're a probationer for felony repeat intoxicated driving, you drive intoxicated, and you had eight felonies and a habitual fourth notice dismissed.
>
> You got a significant benefit from the plea-bargaining process, and you're here today, I mean if somebodies [sic] on probation for intoxicated driving—felony intoxicated driving and they do it again, that's a compelling factor, that is not actually taking [sic] into account in the guidelines. You've got two outstanding

-3-

warrants right now. I don't know what you think will happen when you show up to see a Judge when you've got warrants because you're thumbing your nose at other courts. You've got a poor history on supervision; you've been charged with other crimes while you've been on bond. So, you've been on bond a long time, but I disagree that we've had no problems; no problems would be how about not getting charged with more crimes. How about not absconding on a felony probation?

Those facts are not taken into account in the advisory guidelines, and I think they're grounds to exceed them[.]

## A. DECISION TO DEPART UPWARD

According to defendant, the trial court erred by deciding to impose a sentence that departed upward from the recommended guidelines range. Defendant has not shown error on this basis.

Defendant first argues that the trial court erred by basing its decision to depart upward on his prior convictions and probationary status at the time of the sentencing offense because the guidelines already accounted for his relationship with the criminal justice system. Specifically, defendant argues that his prior low-severity felonies and prior misdemeanors were accounted for by prior record variable (PRV) 2, MCL 777.52, and PRV 5, MCL 777.55, respectively, and his probationary status was accounted for by PRV 6, MCL 777.56. The trial court, however, did not rely on the mere fact that defendant had a criminal history or was on probation at the time that he committed the instant offense—factors that we agree were already considered by the guidelines. See MCL 777.52; MCL 777.55; MCL 777.56. Rather, the court relied on the fact that defendant was on probation for the *same* offense—OWI-III—at the time of the sentencing offense, had absconded while on probation for his prior OWI-III conviction, and had been charged with a new criminal offense in another county while out on bond for the sentencing offense. The court also relied on the fact that there were two bench warrants out for defendant's arrest at the time of sentencing, one of which was related to his failure to appear for a probation-violation hearing associated with his prior OWI-III offense and the other of which was related to a new criminal charge that defendant had acquired while out on bond for the sentencing offense.

None of the aforementioned PRVs accounted for these considerations. See MCL 777.52; MCL 777.55; MCL 777.56. The trial court concluded that these unaccounted-for considerations were indicative of defendant's "poor history on supervision" and poor prospect for rehabilitation, both of which may be considered by the court when determining if a departure sentence is warranted. See *Sherrill*, ___ Mich App at ___; slip op at 9; see also *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022) (noting that "[a]n appropriate sentence should," among other things, consider "the reformation of the offender"). Accordingly, the trial court did not err by considering these unaccounted-for factors when deciding to impose a departure sentence. See *Sherrill*, ___ Mich App at ___; slip op at 9.

Defendant also takes issue with the trial court's consideration of his plea agreement. Defendant does not dispute that he received a beneficial plea agreement[2] and that a court may generally consider the nature of a plea agreement at sentencing. He nonetheless argues, however, that the trial court should not have considered his plea agreement when imposing a departure sentence because he pleaded guilty to the most severe charge of the complaint in exchange for dismissal of the lesser charges, as opposed to pleading to a lesser charge in exchange for dismissal of the most severe charges.

As this Court has explained, "a sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing[,]" *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994), and it may "appropriately emphasize[] the substantial nature of the plea bargain that ha[s] been struck" when imposing a departure sentence, *People v Brzezinski (After Remand)*, 196 Mich App 253, 256; 492 NW2d 781 (1992). Of course, a departure is not justified simply because a defendant has accepted or benefited from a plea bargain, and when considering whether and to what extent the nature of a particular plea bargain supports a departure sentence, it may well be appropriate to, among other things, compare the severity of the pleaded-to charge(s) with the severity of the one(s) that were dismissed as part of the bargain. But that does not mean—and defendant has offered no authority to suggest—that a court may *only* consider the nature of or benefits from a plea bargain when a defendant pleads guilty to a less severe charge in exchange for the dismissal of the more severe one(s). See, e.g., *People v Williams*, 223 Mich App 409, 411; 566 NW2d 649 (1997) (stating that "*Milbourn* does not address the unique sentencing situation that arises . . . when a defendant pleads guilty of a charge in exchange for dismissal of *other or* greater charges" and that plea agreements "invariably present the sentencing judge with important factors that may not be adequately embodied in the guideline variables") (quotation marks and citation omitted; emphasis added). Defendant has failed to demonstrate that the trial court erred by considering the nature of his plea bargain when deciding to impose a departure sentence. See *Sherrill*, ___ Mich App at ___; slip op at 9; *Coulter*, 205 Mich App at 456; *Brzezinski*, 196 Mich App at 256.

_____

[2] As noted, defendant pleaded guilty to one count of OWI-III in exchange for the dismissal of eight other charges, which pertained to other aspects of his alleged conduct during the incident in question (namely, driving without insurance, and fleeing from and resisting the officers involved in the incident). Had defendant rejected the plea offer and ultimately been found guilty at trial as charged, PRV 7 would have been scored at 20 points for having two or more subsequent or concurrent convictions as opposed to the zero points that he received under the plea agreement. See MCL 777.57(1)(a). Defendant also would have been sentenced as a fourth-habitual offender under MCL 769.12. In such a situation, defendant's advisory guidelines range would have been 14 to 58 months' imprisonment rather than one to two years' imprisonment. See MCL 777.66; MCL 777.21(3)(c). Defendant also would have been subject to discretionary consecutive sentencing for the five counts of resisting or obstructing a police officer. See MCL 750.81d(6). In other words, defendant would have faced a higher advisory guidelines range by default, but he also could have faced a much lengthier minimum sentence had the court opted to impose consecutive sentencing.

## B. EXTENT OF DEPARTURE

While defendant has not shown error in the trial court's decision to depart upward, we agree with defendant that resentencing is required because the court failed to adequately justify the extent of its departure. See *Steanhouse*, 500 Mich at 476; *Smith*, 482 Mich at 305-306, 313-314. Indeed, the prosecution concedes as much in its brief on appeal.

The trial court concluded its sentencing explanation by stating that the considerations discussed on the record were "not taken into account in the advisory guidelines" and therefore there were "grounds to exceed them." While these statements clearly express the court's view that the guidelines' recommended sentence fell short of what the court felt was warranted, they provide no insight into how the court selected the particular departure sentence it did and why that sentence was necessary to better embody the principle of proportionality than a sentence that exceeded the guidelines by any lesser extent. The guidelines—which themselves incorporate the principle of proportionality, see, e.g., *Steanhouse*, 500 Mich at 472—recommended a maximum minimum sentence of two years. The court imposed a sentence one year higher than this recommendation, but at no point did the court explain how it arrived at its chosen sentence of three to five years' imprisonment, or why that particular sentence was more proportionate to the offense and the offender than a different sentence would have been. See *Dixon-Bey*, 321 Mich App at 525.

In sum, based on the record before us, the trial court failed to adequately justify the extent of the imposed departure sentence of three to five years. An adequate articulation of the court's sentencing rationale on the record was necessary both to ensure that defendant's sentence was proportional to the sentencing offense and the offender, and to allow for meaningful appellate review. This Court "cannot substitute its own judgment about why the departure was justified," nor can defendant's sentence "be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304. Given the deficiencies in the trial court's sentencing decision, we must vacate defendant's sentence and remand for resentencing. See *Steanhouse*, 500 Mich at 476; *Smith*, 482 Mich at 311.

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young