*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 15, 2025
1:24 PM

Plaintiff-Appellee,

v

No. 372131
Calhoun Circuit Court
LC No. 2021-001531-FC

COLE DANIEL GEORGE,

Defendant-Appellant.

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the sentence imposed after he entered a plea of no contest to a charge of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b) (force or coercion). The plea agreement provided that in exchange for his plea, the prosecution would dismiss one count of first-degree criminal sexual conduct (CSC-I), MCL 750.250b(1)(a) (victim under 13 years old); and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.250c(1)(a) (victim under 13 years old). The charge of CSC-I carried a minimum 25-year term of incarceration if convicted. The plea agreement also provided defendant's prison term would not exceed 10 years. The trial court sentenced defendant to serve 60 months to 15 years' imprisonment. Defendant successfully moved to have his sentencing guidelines corrected on the ground that his minimum sentencing guidelines range was improperly calculated. Thereafter, the trial court resentenced defendant to serve 60 months to 15 years' imprisonment after considering the updated minimum sentencing guidelines range. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of defendant's repeated sexual abuse of a victim under the age of 13 from approximately September 2016 to October 2017. Defendant was charged with one count of CSC-I and one count of CSC-II. Pursuant to a plea agreement with defendant, the prosecution

---

[1] *People v George*, unpublished order of the Court of Appeals, entered October 21, 2024 (Docket No. 372131).

added a charge of CSC-III and dismissed the CSC-I and CSC-II charges. Defendant entered a plea of no contest to the charge of CSC-III in exchange for avoiding a 25-year mandatory minimum sentence and mandatory lifetime electronic monitoring.

Defendant's minimum sentencing guidelines range was originally calculated at 36 to 60 months. At defendant's first sentencing hearing, the trial court adhered to that range and imposed a minimum of 60 months' imprisonment. Subsequently, defendant filed and succeeded on a motion to correct his sentence, arguing that Offense Variable (OV) 11 was improperly assessed at 50 points because the sexual penetrations scored under OV 11 did not arise out of the sentencing offense.[2] See MCL 777.41(2)(a). The trial court reassessed OV 11 at zero points, resulting in a minimum sentencing guidelines range of 21 to 35 months at resentencing.

At the resentencing hearing, the trial court concluded that defendant's case warranted a minimum sentence above the recommended guidelines range. The trial court explained that because of the plea agreement in this case, defendant was able to plead no contest to a lesser charge of CSC-III and avoid lifetime electronic monitoring. The trial court further noted that, as part of the plea agreement, the prosecution "capped" the minimum sentence available at 10 years. The trial court concluded that defendant "act[ed] in a predatory way and assault[ed] a child," which was conduct that it took very seriously. Further, the trial court concluded that the guidelines as assessed under the plea agreement were not "sufficient in terms of what your behavior was, the amount of times that you committed this offense and the effect on the victim." The trial court sentenced defendant to 60 months to 15 years' imprisonment. This appeal followed.

## II. STANDARD OF REVIEW

We review a defendant's sentence to "determine whether the trial court abused its discretion by violating the principle of proportionality." *People v Steanhouse*, 500 Mich 453, 461; 902 NW2d 327 (2017). A trial court abuses its discretion if the imposed sentence is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 459-460 (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues the trial court imposed minimum sentence of 60 months' imprisonment for CSC-III was disproportionate to his crime. We disagree.

Under *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015), Michigan's sentencing guidelines are advisory, but they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion."[3] "A court may depart from the appropriate sentence

---

[2] OV 11 is properly scored at 50 points when "two or more criminal sexual penetrations occurred" arising out of the sentencing offense. MCL 777.41(1)(a).

[3] Defendant cites *People v Babcock*, 469 Mich 247; 666 NW2d 231 (2003), for the proposition that the trial court's reasoning for departing from the minimum sentencing guidelines range must be "substantial and compelling." However, following the decision in *Lockridge*, 498 Mich at 391-

range established under the sentencing guidelines set forth in chapter XVII if the departure is reasonable and the court states on the record the reasons for departure." MCL 769.34(3). Any sentence that departs from the guidelines range must adhere to the principle of proportionality. See *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). The test under this principle is "whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 521 (quotation marks and citations omitted). When applying the proportionality standard, several factors may be considered, including:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lawhorn*, 320 Mich App 194, 207; 907 NW2d 832 (2017) (quotation marks and citation omitted).]

A trial court's explanation on the record must include "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citation omitted).

On appeal, defendant argues the sentence imposed by the trial court was not proportionate to the offense and the offender and the trial court did not justify the extent of the departure. We disagree. In resentencing defendant, the trial court relied on the fact that under the plea agreement, defendant was able to plead no contest to a lesser charge and avoided more serious charges. It explained that defendant acted in a predatory manner and assaulted a child, which was conduct the trial court took very seriously. It also relied on its determination that the sentencing guidelines did not adequately reflect the seriousness of defendant's crime.

The trial court properly relied on defendant's plea agreement and the nature of the charges that were dismissed. "[A] sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing." *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994). Additionally, it may "appropriately emphasize[ ] the substantial nature of the plea bargain that ha[s] been struck" when imposing a departure sentence. *People v Brzezinski (After Remand)*, 196 Mich App 253, 256; 492 NW2d 781 (1992). The record reflects that defendant received an enormously beneficial plea agreement. He was originally charged with CSC-I and CSC-II. Those charges were dismissed in exchange for defendant pleading no contest to CSC-III. By pleading no contest to a less severe charge than CSC-I, defendant avoided a potential 25-year mandatory minimum sentence, MCL 750.520b(2)(b); and mandatory lifetime electronic monitoring, MCL 750.520b(2)(d). The sentence imposed was ⅕ as severe as the mandatory minimum sentence, which would have been required to be imposed if he were convicted as charged, but for the plea agreement. Likewise, the

---

392, a trial court no longer needs to supply a substantial and compelling reason to support a sentence that departs from the applicable guidelines range. Instead, this Court reviews a sentence that departs from the applicable guidelines range for reasonableness. *Id*.

sentence imposed was ½ of the amount of time that the plea agreement indicated would be the maximum amount of incarceration on the low end of defendant's indeterminate sentence range.

The record further reflects the seriousness of the offenses underlying the dismissed charges and sentencing offense. Defendant admitted to having vaginal intercourse with the victim, who was under 13 years old at the time of the assaults. He also admitted to digitally penetrating her. The victim told police that defendant also penetrated her anally on three different occasions. In the three instances of penetration the victim described, she explained defendant initiated the assaults while she was asleep and she would wake up to defendant penetrating her. These acts of abuse did not occur as a single event but rather as part of an ongoing pattern of at least three assaults of the victim involving penetration that occurred over several consecutive months. Applying the proportionality factor that considers the seriousness of defendant's offense, we conclude that defendant's pattern of penetrating the victim, a child under the age of 13 at the time of the assaults, when she was asleep established the seriousness of the offense and the gravity of defendant's behavior. The record overwhelmingly supports the trial court's determination to impose the upward departure.

Defendant further argues the trial court erred by basing its decision to depart upward on defendant's predatory conduct because the guidelines already accounted for predatory conduct under OV 10. We disagree. When resentencing defendant, the trial court did note that defendant "act[ed] in a predatory way and assault[ed] a child." However, the type of predatory conduct relied on by the trial court was not the type of predatory conduct that is contemplated under OV 10.

OV 10 addresses exploitation of vulnerable victims. Fifteen points may be assessed under OV 10 when "[p]redatory conduct was involved." MCL 777.40(1)(a). For purposes of OV 10, predatory conduct involves "preoffense conduct directed at a victim, . . . for the primary purpose of victimization." MCL 777.40(3)(a). See also *People v Cannon*, 481 Mich 152, 161-162; 749 NW2d 257 (2008). Our Supreme Court has explained that the type of "preoffense conduct" considered "predatory conduct" for purposes of OV 10 includes acts such as "lying in wait and stalking" a victim, but not "purely opportunistic criminal conduct or preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection." *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011).

In this case, 15 points were not assessed under OV 10. Rather, 10 points were assessed under OV 10 because "[t]he offender exploited a victim's . . . youth or agedness . . . ." MCL 777.40(1)(b). When resentencing defendant, the trial court made no discussion of the type of preoffense conduct that would constitute predatory conduct for purposes of OV 10. Instead, the trial court's discussion of the "predatory way" defendant acted is more reasonably understood as commentary on the seriousness of the offense itself. Accordingly, the "predatory conduct" contemplated by OV 10 was not the predatory conduct the trial court considered in support of its decision to impose an upward departure. Therefore, the trial court did not rely on conduct already accounted for by the guidelines when it considered the predatory nature of defendant's offense.

Defendant next argues the trial court erred by basing its decision to depart upward on the amount of times that defendant committed the offense because the guidelines already accounted for the number of offenses committed under OV 13. We disagree. Defendant's argument ignores that the trial court did not merely rely on the number of times defendant committed the offense.

Rather, the trial court relied on the fact that the guidelines did not account for the number of offenses committed as calculated under the plea agreement.

OV 13 addresses continuing patterns of criminal behavior. MCL 777.43(1). The statute provides that "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). In this case, 25 points were assessed for OV 13. Twenty-five points are assessed for OV 13 when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). A defendant may be assessed 50 points for OV 13 when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more sexual penetrations against a person or persons less than 13 years of age." MCL 777.43(1)(a). However, an assessment of 50 points is limited to when the sentencing offense is CSC-I. MCL 777.43(2)(d).

As noted by the trial court, the guidelines did not account for the number of offenses committed as calculated under the plea agreement. Pursuant to the plea agreement, the sentencing offense was CSC-III, and the charge of CSC-I, which carried the possibility that defendant would be subjected to an assessment of 50 points under OV 13, was dismissed. Defendant admitted to having vaginal intercourse with the victim, who was under 13 years old, and digitally penetrating her. Likewise, the victim told police that defendant penetrated her anally on three separate occasions. The trial court correctly recognized that under the plea agreement, the extent of defendant's conduct was not adequately reflected by the guidelines. See *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (stating that for purposes of OV 13, a sentencing court may "consider charges that were earlier dismissed, if there is a preponderance of the evidence supporting that the offense took place").

Defendant also argues that factors such as his lack of criminal history, lack of substance abuse history, and good relationship with his family, are mitigating factors that rendered the trial court's sentence unreasonable and disproportionate. We disagree. "[T]rial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). In this case, although the trial court was not required to, it expressly considered mitigating factors. The trial court acknowledged that defendant had no prior criminal history and that he was doing well in the Department of Corrections. However, the trial court concluded the mitigating factors did not outweigh the aggravating factors supporting the minimum sentence imposed by the trial court. It explained that the "problem" was not that defendant was a person who was normally assaultive or normally committed crimes, but that defendant acted in a predatory manner and targeted a child. We agree and conclude that the mitigating factors asserted by defendant, given the seriousness of defendant's conduct toward the victim, did not outweigh the aggravating factors supporting the minimum sentence imposed by the trial court.

Defendant finally argues the trial court improperly speculated on the effect of defendant's abuse on the victim. We disagree. The only evidence of the impact on the victim was a single sentence in the presentence investigation report that stated that the victim "harbors no grudges against [defendant], however she was upset about the incidents." Defendant argues that this was insufficient evidence for the trial court to consider the effect on the victim to justify its departure from the guidelines. Although the record is sparse, the trial court could reasonably infer from the presentence investigation report, and drawing upon its experience with similar cases, that a victim

under 13 years old who was subjected to sexual abuse for several consecutive months, including at least three penetrative sexual assaults, would suffer negative emotional or psychological effects.

We conclude the trial court provided adequate justification to explain why the upward departure was proportionate to the offense and the offender. The trial court properly considered the seriousness of defendant's offense in light of the plea agreement and whether the guidelines accurately considered and reflected the seriousness of the offense. Considering the length of the departure, the evidence in the record, and the trial court's statements in support of the sentence, the trial court did not abuse its discretion. See *Steanhouse*, 500 Mich at 461.

Affirmed.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett

-6-